**JONES DAY**
Steven B. Katz, State Bar No. 139078
JONES DAY
555 West Fifth Street, Suite 4600
Los Angeles, California 90013
Telephone: (213) 489-3939
Facsimile: (213) 243-2539

Lawrence C. DiNardo (*pro hac vice*)
Michael J. Gray (*pro hac vice*)
JONES DAY
77 West Wacker Drive, Suite 3500
Chicago, Illinois 60601-1692
Telephone: (312) 782-3939
Facsimile: (312) 782-8585

Attorneys for Defendant
WAL-MART STORES, INC.

**THE QUISENBERRY LAW FIRM**
John N. Quisenberry, Esq. (SBN 94751)
Robert J. Drexler, Jr., Esq. (SBN 119119)
Daniel A. Crawford, Esq. (SBN 187807)
2049 Century Park East, Suite 2200
Los Angeles, California 90067
Tel: (310) 785-7966
Fax: (310) 785-0254

**LAW OFFICES OF STEVEN G. PEARL**
Steven G. Pearl, Esq.
16830 Ventura Boulevard, Suite 310
Encino, California 91436-1734
Tel: (818) 995-8300
Fax:

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| DANIEL SEPULVEDA, ANITA PEREZ, and ANTONIO PRANGNER, Individually and on Behalf of all similarly Situated Individuals,<br><br>Plaintiffs,<br><br>v.<br><br>WAL-MART STORES, INC., a Delaware Corporation, and Does 1 through 100, inclusive.,<br><br>Defendants. | Case No. CV04-1003-LGB (Ex)<br><br>STIPULATION AND [~~PROPOSED~~] PROTECTIVE ORDER |

Plaintiffs and Defendant stipulate to the entry of an agreed protective order, for the reasons set forth below.

1. The parties represent that certain discovery materials to be exchanged in this case, including documents, interrogatory answers, deposition testimony and other discovery will

1   contain confidential non-public information of a personal, financial, and/or commercial nature
2   and/or may constitute a trade secret or proprietary information. Defendant has raised concerns
3   and asserts privileges and claims regarding privacy and proprietary interests. The parties do not
4   wish unreasonably to impede or burden the discovery process but, at the same time, recognize an
5   obligation to take reasonable steps to safeguard legitimate privacy concerns. The parties intend
6   this Stipulation and Order to address these concerns.

7       2.     The parties understand that pursuant to California law third parties may have a
8   privacy interest in personal information, and that such information is at issue in the law suit and
9   has been requested in discovery by Plaintiffs. Defendant has an obligation to keep the personal
10   information of third parties private. Accordingly, the parties and the Court enter into this
11   Protective Order mandating that the private information of putative class members and other
12   current and former employees of Wal-Mart shall be produced under this Protective Order. The
13   parties shall take all reasonable steps to maintain such information as private in accordance with
14   the terms of this Protective Order.

15       3.     Upon entry of an Order by this Court, this Stipulation of the Parties shall become
16   the Protective Order that shall govern the production and disclosure of all information designated
17   as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" pursuant to ¶7 through the discovery
18   and all pretrial processes. This Protective Order is not intended to govern at trial or appeal. The
19   parties will cooperate in establishing procedures acceptable to the Court with respect to the
20   protection of information designated as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY"
21   pursuant to this Protective Order both at trial and upon any appeal of this case.

22       4.     For purposes of this Protective Order, "Discovery Materials" shall include
23   documents produced pursuant to the voluntary disclosure requirements of Rule 26 of the Federal
24   Rules of Civil Procedure, documents produced pursuant to Rule 34 of the Federal Rules of Civil
25   Procedure, interrogatory answers, deposition testimony, and all other information that may be
26   disclosed in the course of discovery in this action, as well as compilations or excerpts of such
27   materials.
28

CHI-1431652v2

5.      This Protective Order shall not abrogate or diminish any privilege or any contractual, statutory or other legal obligation or right of any party with respect to Discovery Materials.

6.      Each party shall keep confidential and not use or disseminate outside the boundaries of this litigation any records that any other party designates as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" except as provided in paragraphs 8, 11 & 13 below.

7.      Any party may designate any Discovery Materials it deems to be confidential, including Discovery Materials that refer or relate to individual employment records and files, by designating such Discovery Materials as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY."

8.      Except as provided in paragraphs 11 and 13, access to Discovery Materials designated "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" shall be restricted in accordance with the following provisions:

    (a)     Discovery Materials, and any information extracted from them, which have been designated "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" shall be used solely for the purposes of prosecuting or defending this action, and for no other purposes;

    (b)     "CONFIDENTIAL" Discovery Materials shall not be disclosed or distributed, or otherwise made available for any purpose, to any individually named party or their respective representatives in interest except as expressly provided in this Protective Order. Counsel for each party shall restrict access to "CONFIDENTIAL" Discovery Materials produced by any other party by limiting the dissemination of such material to: (1) attorneys who are members or associates of the law firms listed on the pleadings in this action, and who have appeared or filed a motion or application to appear pro hac vice ("Counsel of Record"), and to supporting personnel employed by Counsel of Record, such as other attorneys at the firm, paralegals, legal secretaries, data entry clerks, legal clerks and/or private data entry, document management and photocopying services; (2) named individual parties, including employees of Defendant Wal-Mart assisting in the

1  defense of the action; (3) consultants, in accordance with the terms specified below
2  in paragraph no. 8(e).

3      (c)    "ATTORNEY'S EYES ONLY" Discovery Materials shall be made
4  available only to, and inspected by the following persons - provided that such
5  individuals are informed of the terms of this Protective Order: Counsel of Record
6  and supporting personnel employed by such counsel, such as other attorneys at the
7  firm, paralegals, legal secretaries, data entry clerks, legal clerks, and private data
8  entry, document management, and photocopying services. Consultants may view
9  such documents only in accordance with the terms specified below in paragraph
10 no. 8(f).

11     (d)    No copies, extracts or summaries of any document designated
12 "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" shall be made except by
13 or on behalf of Counsel of Record; and such copies, extracts or summaries shall
14 also be designated and treated as "CONFIDENTIAL" or "ATTORNEY'S EYES
15 ONLY" Discovery Materials and shall not be delivered or exhibited to any persons
16 except as provided in this Protective Order.

17     (e)    Counsel of Record may allow access to Discovery Material
18 designated "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" to their
19 retained consultants, provided that any such consultant who is to receive such
20 material shall be provided with a copy of this Protective Order and shall execute
21 an undertaking in the form annexed hereto as Exhibit A. Consultants shall be
22 specifically advised that the portion of their written work product, which contains
23 or discloses the substance of Discovery Material designated as
24 "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" is subject to all the
25 provisions of this Protective Order. Counsel of Record disclosing such material to
26 consultants shall be responsible for obtaining the executed undertakings in
27 advance of such disclosure and also shall retain the original executed copy of said
28 undertakings. No "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY"

CHI-1431652v2

4

STIPULATION AND [PROPOSED] PROTECTIVE ORDER

Discovery Material may be disclosed to a Consultant prior to execution of the form attached as Exhibit A.

(f) During depositions, Counsel of Record may question any witness about any Discovery Material designated "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY." However, where the witness or deponent testifies about such designated Discovery Material, the party who marked the material "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" may instruct the Court Reporter to mark and seal such testimony as separate from the public record. Any "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" document so referred to may be marked as an exhibit, but no such "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" document, or any portion thereof, shall be attached to any publicly-available deposition or other transcript without the written consent of the party that designated the document as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" absent a Court Order. Portions of deposition transcripts designated "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" shall be so marked and "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" portions, including exhibits consisting of "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" documents, shall be bound separately by the Court Reporter, kept under seal, and maintained separately by the Court Reporter and the parties from the non-confidential portions of the transcript, including exhibits, except as otherwise stipulated by the Parties or Ordered by the Court.

(g) In the event that any "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" Discovery Materials are attached to, or quoted or summarized in, any pleadings, motion papers or other papers filed with this Court or any other court and said "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" Discovery Materials would be disclosed in any way therein, such Discovery Materials, and portions of pleadings or papers that contain the "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" discovery materials shall be filed under seal in

accordance with this Court's Civil Local Rule 79-5. Copies of such documents containing information subject to this Protective Order that are served on counsel for the parties shall be similarly identified and shall be maintained as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY," as described herein.

9. In the event that a party makes documents available for inspection, rather than delivering copies to another party, no marking need be made in advance of the initial inspection. For purposes of the initial inspection, all documents produced shall be considered as marked "CONFIDENTIAL" and "ATTORNEY'S EYES ONLY." Thereafter, upon the inspecting party's selection of documents for copying, the party producing the documents may mark the copies "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY," pursuant to paragraph seven, above.

10. At the request of any designating party, made in writing or on the record or during the course of a deposition, the deposition testimony and all copies of any transcript of the deposition of any current or former agent, officer, director, employee or consultant of the designating party shall initially be considered, as a whole, to constitute "ATTORNEY'S EYES ONLY" Confidential Information subject to the protective order, and the original and all copies of such deposition transcripts shall be marked accordingly as "ATTORNEY'S EYES ONLY" by the reporter. Such designation, however, shall not prohibit a party from attending the deposition. A party, however, may be excluded from that portion of the deposition testimony concerning Discovery Materials designated "ATTORNEYS EYES ONLY" or from that portion of the deposition testimony that the designating party claims constitutes "ATTORNEYS EYES ONLY" testimony. Upon the written demand of a receiving party made after receipt of transcript, the designating party shall have twenty (20) days after receipt of the deposition transcript to designate in writing to the other parties and the court reporter, those portions of the testimony in the transcript that the designating party claims constitute Confidential Information and designate it as either "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY," as appropriate. If no such designation is made within twenty (20) days after receipt of the deposition transcript, the receiving party shall submit a second written demand by facsimile to the designating party

CHI-1431652v2

6

STIPULATION AND [PROPOSED] PROTECTIVE ORDER

1   notifying the designating party that it has three (3) business days from the date of the second
2   written demand in which to designate in writing to the other parties and the court reporter, those
3   portions of the testimony in the transcript that the designating party claims constitute Confidential
4   Information and designate it as either "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY," as
5   appropriate. If, at the expiration of the three business day period, the designating party fails to
6   provide written notice of its intent to designate the information, then the "CONFIDENTIAL" OR
7   "ATTORNEY'S EYES ONLY" designation of the deposition transcript shall be deemed waived.
8   Each party and the Court Reporter shall attach a copy of such written designation notice to the
9   transcript and each copy thereof in its possession, custody or control, and the portions designated
10  in such notice shall thereafter be treated in accordance with the Protective Order.

11       11.   Should one or more Counsel of Record wish to disclose any "CONFIDENTIAL"
12  or "ATTORNEY'S EYES ONLY" Discovery Materials produced by another party to a person
13  not authorized by this Protective Order to review such "CONFIDENTIAL" or "ATTORNEY'S
14  EYES ONLY" Discovery Materials, said counsel shall first provide Counsel of Record for the
15  producing party with a clear, complete and concise statement of the reason for the proposed
16  disclosure by written notice at least ten (10) business days prior to the proposed disclosure. The
17  requesting Counsel of Record may include the name, address and business or professional
18  affiliation and title (e.g., officer, director, etc.) of such person in the written notice. If Counsel of
19  Record for the producing party objects in writing to the disclosure within said ten (10) business
20  day period, then the party requesting consent shall not proceed with the proposed disclosure, the
21  parties shall engage in good faith efforts to resolve the matter informally and, if those efforts
22  should fail, the party designating the material as "CONFIDENTIAL" or "ATTORNEY'S EYES
23  ONLY" may seek relief from the Court as provided in paragraph 13 below.

24       12.   The disclosure of any Discovery Materials pursuant to the terms of this Protective
25  Order is not intended to be and shall not be construed as a waiver of any right or a relinquishment
26  of any confidentiality claim as to said Discovery Materials or as a waiver of any claim that the
27  information disclosed is a trade secret or is proprietary.
28

CHI-1431652v2

7

STIPULATION AND [PROPOSED] PROTECTIVE ORDER

13. If any dispute arises concerning whether information designated as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" should in fact be considered Confidential Information for purposes of this Protective Order, the party who objects to the designation of the information as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" shall give written notice of the objection. The parties shall then attempt to resolve the dispute informally and in good faith. If the parties do not resolve the dispute informally, the party who designated the information as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" shall have ten (10) business days from either (a) the written notice from the objecting party made pursuant to this paragraph, or (b) the written objection to disclosure from the producing party made pursuant to paragraph 11 above, or (c) the date the parties agree that the dispute cannot be resolved informally, whichever is later, to file a motion asking the Court to resolve the issue. If the motion is not filed within this time, then the "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" designation shall be deemed waived. If such a motion is timely filed, the party asserting confidentiality shall have the burden of proving that the "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" information is protected by (a) a right to privacy or (b) trade secret or other confidential research, development, or commercial information within the meaning of Rule 26(c)(7) of the Federal Rules of Civil Procedure. Prior to the determination of such motion, the disputed information shall be treated by the parties as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY." If such motion is granted in favor of the objecting party and five days have passed after entry of an order granting the motion, then the prevailing party may disclose the information.

14. Upon final resolution of this litigation, including any appellate proceedings or expiration of the time allowed therefor, and within 60 days thereof.

  (a) Unless otherwise agreed, counsel for each party shall return or destroy all Discovery Materials marked "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" received hereunder, including all copies thereof, to counsel for the party that produced said materials. Counsel for each party shall also destroy all extracts or summaries of "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY"

CHI-1431652v2

8

STIPULATION AND [PROPOSED] PROTECTIVE ORDER

1  Discovery Materials or documents containing such material. Certification of such
2  destruction, under penalty of perjury, is to be made in writing to counsel for the
3  party who produced such "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY"
4  Discovery Materials within ten (10) business days of destruction; and
5      (b)  The Clerk of the Court shall, upon request of a party that produced
6  any "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" Discovery Materials,
7  return to such party all documents and things containing or referring to such
8  Discovery Materials that were filed under seal pursuant to this Protective Order.
9  As to those documents or things containing such information which cannot be so
10  returned, they shall continue to be kept under seal and shall not be examined by
11  any person without a prior Court order, after due notice to Counsel of Record, or
12  the written stipulation of each of Counsel of Record.
13    15.  Nothing contained in this Protective Order shall result in a waiver of rights, nor
14  shall any of its terms preclude a party from seeking and obtaining, upon an appropriate showing,
15  additional protection with respect to personal, financial, commercial, confidential, trade secret or
16  other proprietary documents, information or any other discovery material or trade secrets,
17  including, but not limited to, restrictions on disclosure. Nothing contained herein relieves any
18  party of its obligation to respond to discovery properly initiated pursuant to the Discovery Order.
19    16.  The Court may modify this Protective Order at any time or consider any dispute
20  which may arise hereunder upon motion of any of the parties.
21    17.  Nothing in this Protective Order affects in any way, the admissibility of any
22  documents, testimony or other evidence at trial.
23    18.  This Protective Order shall remain in effect for the duration of the action unless
24  terminated by stipulation executed by the Counsel of Record or pursuant to Court Order. Insofar
25  as they restrict the communication, treatment and use of information subject to this Protective
26  Order, the provisions of this Protective Order shall continue to be binding after the termination of
27  this action, unless the Court orders otherwise.

**IT IS SO ORDERED.**

DATED: 11/16/04

UNITED STATES MAGISTRATE JUDGE

| | | |
|---|---|---|
| 1 | Dated: | THE QUISENBERRY LAW FIRM |
| 2 | | By:_____ |
| 3 | | John N. Quisenberry, Esq.<br>Robert J. Drexler, Jr., Esq. |
| 4 | | Attorneys for Plaintiffs |
| 5 | Dated: | LAW OFFICES OF STEVEN G. PEARL |
| 6 | | By:_____ |
| 7 | | Steven G. Pearl, Esq.<br>Attorneys for Plaintiffs |
| 8 | | |
| 9 | Dated: 11/12/04 | JONES DAY |
| 10 | | By: /s/ Lawrence C. DiNardo |
| 11 | | Lawrence C. DiNardo<br>Michael J. Gray |
| 12 | | Steven B. Katz<br>Attorneys for Defendant |

## ORDER

The parties having stipulated to the foregoing and good cause appearing, IT IS SO ORDERED.

Dated: _____, 2004        _____
                                        United States District Court Judge

| | |
|---|---|
| 1  Dated: | THE QUISENBERRY LAW FIRM |
| 2 | By: _____ |
| 3 | John N. Quisenberry, Esq. |
|   | Robert J. Drexler, Jr., Esq. |
| 4 | Attorneys for Plaintiffs |
| 5  Dated: | LAW OFFICES OF STEVEN G. PEARL |
| 6 | By:_____ |
| 7 | Steven G. Pearl, Esq. |
|   | Attorneys for Plaintiffs |
| 8 | |
| 9  Dated: 11/12/04 | JONES DAY |
| 10 | By:_____ |
| 11 | Lawrence C. DiNardo |
|   | Michael J. Gray |
|   | Steven B. Katz |
| 12 | Attorneys for Defendant |

### ORDER

The parties having stipulated to the foregoing and good cause appearing, IT IS SO ORDERED.

Dated: _____, 2004    _____

United States District Court Judge

| | |
|---|---|
| Dated: | THE QUISENBERRY LAW FIRM |
| | By: _____ |
| | John N. Quisenberry, Esq. |
| | Robert J. Drexler, Jr., Esq. |
| | Attorneys for Plaintiffs |
| Dated: | LAW OFFICES OF STEVEN G. PEARL |
| | By: _____ |
| | Steven G. Pearl, Esq. |
| | Attorneys for Plaintiffs |
| Dated: 11/12/04 | JONES DAY |
| | By: _____ |
| | Lawrence C. DiNardo |
| | Michael J. Gray |
| | Steven B. Katz |
| | Attorneys for Defendant |

### ORDER

The parties having stipulated to the foregoing and good cause appearing, IT IS SO ORDERED.

Dated: _____, 2004

_____
United States District Court Judge

| | |
|---|---|
| 1 | **EXHIBIT A** |
| 2 | **AGREEMENT TO BE BOUND BY THE STIPULATION FOR PROTECTIVE ORDER AND PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION AND INFORMATION DESIGNATED AS "ATTORNEY'S EYES ONLY."** |

The undersigned hereby acknowledges that he or she has read the Confidentiality Stipulation and Protective Order entered into on behalf of the parties to Sepulveda, et al. v. Wal-Mart Stores, Inc., Case No. CV04-1003-LGB (ex), filed in the United States District Court, Central District of California; that he or she understands the provisions prohibiting the disclosure of confidential information for any purpose or in any manner not connected with the prosecution or defense of this action; and that he or she agrees to be bound by all provisions of that order.

Dated: _____

_____
Name
_____
Address
_____
_____

CHI-1431652v2

**STIPULATION AND [PROPOSED] PROTECTIVE ORDER**

## PROOF OF SERVICE - C.C.P. §1013a, 2015.5

I certify and state that I am now and at all times herein mentioned was, a citizen of the United States, over the age of eighteen (18) years, a resident of the County of Los Angeles, and not a party to the within action or cause. My business address is THE QUISENBERRY LAW FIRM, A Professional Corporation, 2049 Century Park East, Suite 2200, Los Angeles, California 90067.

I hereby certify that I am employed in the office of a member of the bar of this court at whose direction the service was made.

I further certify that on November 16, 2004, I caused to be served the copies of the attached:

**STIPULATION AND [PROPOSED] PROTECTIVE ORDER**

on the parties in said action as follows:

☒ **(BY REGULAR MAIL)** by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, for collection and mailing at my place of business following ordinary business practices. Said document(s) will be deposited with United States Post Office mail box at Los Angeles, California, addressed as follows:

☐ **(BY OVERNIGHT MAIL)** by placing a true copy thereof enclosed in a sealed envelope, prepaid, deposited with the _____ carrier/box at Los Angeles, California, addressed as follows:

☐ **(BY FACSIMILE)** by placing a true copy thereof into a facsimile machine addressed to the person, address and facsimile number, as follows:

☐ **(BY PERSONAL SERVICE)** by causing to be personally delivered by hand and leaving a true copy with the person and/or secretary at the address shown below:

**SEE ATTACHED SERVICE LIST**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on November 16, 2004, at Los Angeles, California.

SUSAN H. AVANT

[Print Name]                                    [Signature]

157017.1

## SERVICE LIST

| | |
|---|---|
| Steven G. Pearl, Esq.<br>Law Offices of Steven G. Pearl<br>16830 Ventura Blvd., Suite 310<br>Encino, CA 91436-1724 | Attorneys for Plaintiffs<br>Telephone: (818) 995-8300<br>Facsimile: (818) 995-8301 |
| Steve Katz, Esq.<br>Jones Day<br>555 W. Fifth St., Suite 4600<br>Los Angeles, CA 90013-1025 | Attorneys for Defendant<br>Telephone: (213) 489-3939<br>Facsimile: (213) 243-2539 |
| Lawrence C. DiNardo, Esq.<br>Michael J. Gray, Esq.<br>Kathy Stieber, Esq.<br>Jones Day<br>77 West Wacker Dr.<br>Chicago, IL 60601-1692 | Attorneys for Defendant<br>Telephone: (312) 782-3939<br>Facsimile: (312) 782-8585 |

2

157017.1