John N. Quisenberry, ESQ. (SBN 94751)
Robert J. Drexler, Jr., Esq. (SBN 119119)
Daniel A. Crawford, Esq. (SBN 187807)
THE QUISENBERRY LAW FIRM
2049 Century Park East, Suite 2200
Los Angeles, California 90067
Telephone: (310) 785-7966
Fax: (310) 785-0254

Steven G. Pearl, Esq. (SBN 163381)
LAW OFFICES OF STEVEN G. PEARL
16830 Ventura Blvd., Suite 310
Encino, California 91436-1724
Telephone: (818) 995-8300
Fax: (818) 995-8301

Attorneys for Plaintiffs

Steven B. Katz
JONES DAY
555 West Fifth Street, Suite 4600
Los Angeles, California 90013-1025
Telephone: (213) 489-3939
Fax: (213) 243-2539

Lawrence C. DiNardo (pro hac vice)
Michael J. Gray (pro hac vice)
JONES DAY
77 West Wacker Drive
Chicago, Illinois 60601-1692
Telephone: (312) 782-3939
Fax: (312) 782-8585

Attorneys for Defendants

FILED
CLERK, U.S. DISTRICT COURT

DEC 2 8 2004

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

X Priority
X Send
___ Clsd
___ Enter
___ JS-5/JS-6
___ JS-2/JS-3

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| DANIEL SEPULVEDA, ANITA PEREZ, and ANTONIO PRANGNER, Individually and on Behalf of all similarly Situated Individuals, <br><br> Plaintiffs, <br><br> vs. <br><br> WAL-MART STORES, INC., a Delaware Corporation and Does 1 through 100, inclusive, <br><br> Defendants. | Case No. CV 04-1003 LGB (EX) <br><br> (Case assigned to Hon. Lourdes G. Baird) <br><br> **STIPULATION FOR FILING OF FIRST AMENDED COMPLAINT; [PROPOSED] ORDER THEREON** |

IT IS HEREBY STIPULATED by and between Plaintiffs, DANIEL

SEPULVEDA, ANITA PEREZ and ANTONIO PRANGNER, individually and on

behalf of all similarly situated individuals ("Plaintiffs") and Defendant, WAL-MART

STORES, INC. ("Defendant") through their respective attorneys of record that, in the

interest of justice, Plaintiffs may file a First Amended Complaint, a copy of which is

attached hereto as Exhibit A.

DOCKETED ON CM

DEC 2 9 2004

BY _____ 007

21

1
Case No. CV 04-1003 LGB (Ex)
STIPULATION TO FILE FIRST AMENDED COMPLAINT

158956.1

1   IT IS FURTHER STIPULATED pursuant to United States District Court,

2   Central District, Local Rule 15-3, the attached First Amended Complaint shall be

3   deemed served upon Defendant upon the date that the Order approving this

4   Stipulation is signed by the Court.

5   IT IS FURTHER STIPULATED by and between the parties that Defendant

6   shall have 20 days from the date the Order approving this Stipulation is signed by the

7   Court to answer or otherwise respond to the First Amended Complaint.

8   DATED:  December 20, 2004          THE QUISENBERRY LAW FIRM
                                        JOHN N. QUISENBERRY
9                                       ROBERT J. DREXLER, JR.
                                        DANIEL A. CRAWFORD
10

11                                      By: _____

12                                      ROBERT J. DREXLER, JR.
                                        Attorneys for Plaintiffs
13

14

15

16   DATED: December __, 2004           JONES DAY

17

18                                      By: _____

19                                      LAWRENCE C. DiNARDO
                                        MICHAEL J. GRAY
20                                      Attorneys for Defendant

21

22

23

24

25

26

27

28

THE QUISENBERRY LAW FIRM

1    IT IS FURTHER STIPULATED pursuant to United States District Court,

2  Central District, Local Rule 15-3, the attached First Amended Complaint shall be

3  deemed served upon Defendant upon the date that the Order approving this

4  Stipulation is signed by the Court.

5    IT IS FURTHER STIPULATED by and between the parties that Defendant

6  shall have 20 days from the date the Order approving this Stipulation is signed by the

7  Court to answer or otherwise respond to the First Amended Complaint.

8  DATED:  December 20, 2004          THE QUISENBERRY LAW FIRM
                                      JOHN N. QUISENBERRY
9                                     ROBERT J. DREXLER, JR.
                                      DANIEL A. CRAWFORD

10

11                                    By: _____

12                                    ROBERT J. DREXLER, JR.
                                      Attorneys for Plaintiffs

13

14

15

16  DATED: December 20, 2004          JONES DAY

17

18                                    By: _____

19                                    LAWRENCE C. DiNARDO
                                      MICHAEL J. GRAY
                                      Attorneys for Defendant

20

21

22

23

24

25

26

27

28

THE QUISENBERRY LAW FIRM

158956.1

2

1    ORDER

2         Upon review and consideration of the foregoing Stipulation for Filing of First

3    Amended Complaint, the Court hereby orders that, in the interest of justice, Plaintiffs

4    be permitted to file the attached First Amended Complaint attached hereto as Exhibit

5    A, and that the First Amended Complaint shall be deemed served upon Defendant as

6    of the date of this Order.  Further, that Defendant shall have 20 days from the date of

7    this Order to answer or otherwise respond to the First Amended Complaint

8

9    DATED: *Dec. 28, 2004*                    *A Baird*

10                                               LOURDES G. BAIRD

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

THE QUISENBERRY LAW FIRM

1   JOHN N. QUISENBERRY, ESQ. (SBN 94751)
    ROBERT J. DREXLER, ESQ. (SBN 119119)
2   DANIEL A. CRAWFORD, ESQ. (SBN 187807)
    **THE QUISENBERRY LAW FIRM**
3   2049 Century Park East, Suite 2200
    Los Angeles, California 90067
4   Telephone: (310) 785-7966
    Fax: (310) 785-0254

5

6   STEVEN G. PEARL, ESQ. (SBN 163381)
    **LAW OFFICES OF STEVEN G. PEARL**
    16830 Ventura Blvd., Suite 310
7   Encino, California 91436-1724
    (818) 995-8300

8

9   Attorneys for Plaintiffs Daniel Sepulveda,
    Anita Perez and Antonio Prangner, Individually
    and on Behalf of All Similarly Situated Individuals

10

11              UNITED STATES DISTRICT COURT

12      CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

13

14  | DANIEL SEPULVEDA, ANITA | CASE NO. CV 04-1003 LGB (EX)
15  | PEREZ, and ANTONIO PRANGNER, Individually and on Behalf of all | (Assigned to Hon. Lourdes G. Baird)
16  | Similarly Situated Individuals, |

17                Plaintiffs,           **[PROPOSED] FIRST AMENDED CLASS ACTION COMPLAINT FOR:**

18      vs.                            1.  **FAILURE TO PAY OVERTIME**
19  WAL-MART STORES, INC., a              **COMPENSATION (CAL. LABOR**
    Delaware Corporation; and DOES 1      **CODE §§ 510, 1194 and 1194.5);**
20  through 100, inclusive,
                                       2.  **FAILURE TO PROVIDE MEAL**
21                Defendants.              **AND REST PERIODS (CAL.**
                                          **LABOR CODE §§ 512 and 226.7);**
22
                                       3.  **FAILURE TO FURNISH WAGE**
23                                        **AND HOUR STATEMENTS**
                                          **(CAL. LABOR CODE §§ 226 and**
24                                        **226.3);**

25                                     4.  **WAITING TIME PENALTIES**
                                          **(CAL. LABOR CODE §§ 201-203);**
26
                                       5.  **FAILURE TO MAINTAIN**
27                                        **PAYROLL RECORDS (CAL.**
                                          **LABOR CODE §§ 226, 1174 and**
28                                        **1174.5);**

-1-

6. **CONVERSION (CAL. CIV. CODE §§ 3336 and 3294);**

7. **UNFAIR COMPETITION (CAL. BUS. & PROF. CODE § 17200, et seq.); and,**

8. **PRELIMINARY AND PERMANENT INJUNCTION**

**JURY TRIAL DEMANDED**

Plaintiffs Daniel Sepulveda, Anita Perez and Antonio Prangner ("Plaintiffs"), individually and on behalf of all similarly situated individuals, allege as follows:

## GENERAL ALLEGATIONS

1.      This is a class action brought against Defendant Wal-Mart Stores, Inc. ("Wal-Mart"), and Defendants DOES 1-100, inclusive (collectively "Defendants"), on behalf of Plaintiffs and all other individuals who were employed as Assistant Managers at Defendant Wal-Mart's Division 1 and SuperCenter retail stores located in California at any time after January 14, 2000 and continuing while this action is pending  ("Class Period"), and who were denied the benefits and protections required under the *California Labor Code* and other statutes and regulations applicable to employees in the State of California (collectively "Assistant Managers") .

2.      During the Class Period, in conjunction with other Defendants, Wal-Mart: (1) failed to pay overtime wages to its Assistant Managers; (2) failed to provide meal and rest breaks to its Assistant Managers; (3) failed to provide its Assistant Managers with timely and accurate wage and hour statements; (4) failed to pay compensation due to its Assistant Managers in a timely manner upon their termination or resignation; (5) failed to maintain complete and accurate payroll records for its Assistant Managers; (6) wrongfully withheld wages and compensation due to its Assistant Managers; and (7) intentionally committed unfair business practices in an effort to increase profits and to gain an unfair business advantage at

-2-

THE QUISENBERRY LAW FIRM

157085.2

the expense of its Assistant Managers and the public.  The foregoing acts and other acts by Wal-Mart and other Defendants violated provisions of the *California Labor Code*, including sections 201, 202, 203, 218, 218.5, 218.6, 226, 226.3, 226.7, 510, 512, 515, 551, 552, 558, 1174, 1174.5, 1194, 1194.5 and 1198 (collectively "Employment Laws"), violated the applicable Wage Orders issued by the Industrial Welfare Commission of the State of California including Wage Orders 7-1998, 7-2000 and 7-2001 during the Class Period ("Regulations"), violated California's Unfair Business Practices Act, *California Business & Professions Code* sections 17200, *et seq.*, and violated Plaintiffs' rights.

## JURISDICTION AND VENUE

3.     The above-entitled Court has jurisdiction over this case pursuant to 28 U.S.C. § 1332.  At the time this action was commenced, all Plaintiffs were residents and citizens of the State of California.  At the time this action was commenced, Defendant Wal-Mart was a Delaware corporation with its corporate headquarters and principal place of business located in the State of Arkansas.  Plaintiffs are not aware that any fictitiously named Defendants are citizens of the State of California, and Plaintiffs believe that none of the fictitiously named Defendants are citizens of the State of California.  Additionally, the amount in controversy is in excess of $75,000.00.

4.     Venue is proper in the above entitled Court because Defendant Wal-Mart does substantial business in the State of California, County of Los Angeles.  Wal-Mart has retail stores located in Los Angeles County.  Venue is also proper because Defendant's corporate policies were applied and executed in Los Angeles County.

## THE PARTIES

5.     Mr. Sepulveda is, and at all relevant times was, a competent adult residing in California.  Mr. Sepulveda brings suit on behalf of himself and all similarly situated individuals pursuant to *California Code of Civil Procedure* Section

THE QUISENBERRY LAW FIRM

-3-

382, *Federal Rule of Civil Procedure* 23 *and California Business & Professions Code* section 17200, et seq.

6.     Ms. Perez is, and at all relevant times was, a competent adult residing in California.  Ms. Perez brings suit on behalf of herself and all similarly situated individuals pursuant to *California Code of Civil Procedure* section 382, *Federal Rule of Civil Procedure* 23, and *California Business and Professions Code* section 17200, et seq.

7.     Mr. Prangner is, and at all relevant times was, a competent adult residing in California.  Mr. Prangner brings suit on behalf of himself and all similarly situated individuals pursuant to *California Code of Civil Procedure* section 382, *Federal Rule of Civil Procedure* 23 and *California Business & Professions Code* section 17200, *et seq.*

8.     Defendant Wal-Mart is, and at all relevant times was, a corporation organized under the laws of the State of Delaware, with its corporate headquarter and principal place of business located in the State of Arkansas.  Defendant Wal-Mart is, and at all relevant times was, doing business throughout the State of California, including in Los Angeles County.

9.     Plaintiffs currently are unaware of the true names and capacities of the defendants sued in this action by the fictitious names DOES 1 through 100, inclusive, and therefore sue those defendants by those fictitious names.  Plaintiffs will amend this Complaint to allege the true names and capacities of such fictitiously named defendants when they are ascertained.

10.     Plaintiffs are informed and believe, and on that basis allege, that each defendant sued in this action, including each defendant sued by the fictitious names DOES 1 through 100, inclusive, is responsible in some manner for the occurrences, controversies and damages alleged below.

-4-

157085.2

THE QUISENBERRY LAW FIRM

## PLAINTIFFS' SPECIFIC FACTS

11.    During the four years preceding the filing of this action, Plaintiffs were employed by Defendants as Assistant Managers in Wal-Mart's retail stores in California and were classified by Defendants as exempt/salaried employees under the employment laws and regulations.  During that time period, Plaintiffs worked in several of Defendants' stores, including, but not limited to, Gilroy, Antioch, Pittsburgh, Tracy, Pleasanton, Lodi, Paso Robles, San Leandro, Milpitas and Mountain View.  Plaintiffs are informed and believe and based thereon allege that Defendants had a corporate policy under which they automatically classified Plaintiffs as "exempt" employees pursuant to the Employment Laws and Regulations without first making a determination as to whether Plaintiffs qualified for exempt employee status under such laws and regulations.

12.    Based on Defendants' policy of classifying Plaintiffs as exempt employees, Plaintiffs were paid a set salary regardless of the hours they actually worked.  Additionally, based on Defendants' policy of classifying Plaintiffs as exempt employees, Defendants denied Plaintiffs meal and rest breaks, and other incidents and conditions of employment in California which are required for non-exempt employees pursuant to the Employment Laws and Regulations.

13.    During Plaintiffs' entire employment with Defendants, Plaintiffs were not exempt from the Employment Laws and Regulations.  Plaintiffs routinely spent over fifty percent of their working hours performing the duties delegated to non-exempt employees, including, but not limited to waiting on customers, unloading trucks, pricing products, making sales, cashiering, stocking shelves, opening and closing cash registers, picking up returns, cleaning, zoning counters, moving products on shelves, building pallets of merchandise, loading/unloading Wal-Mart trucks, setting modulars and counter layouts, building end caps and fixtures, competition shopping, and other general tasks.

THE QUISENBERRY LAW FIRM

-5-

Case No. CV 04-1003 LGB (Ex)
FIRST AMENDED CLASS ACTION COMPLAINT

14.   During Plaintiffs' entire employment with Defendants, Plaintiffs routinely spent less than fifty percent of their working hours performing work which was primarily intellectual, managerial or creative, or which required the regular and customary exercise of discretion and independent judgment with respect to matters of significance on more than an occasional basis.  Exercise of discretion and independent judgment on matters of significance were given to employees on a level above that of Plaintiffs.

15.   Plaintiffs' duties and activities during their respective working hours and each shift were known to and directed by Defendants, and were set and controlled by Defendants' corporate policies.

16.   During Plaintiffs' entire employment with Defendants, as Assistant Managers, Plaintiffs were required to work more than eight hours per day and more than forty hours per workweek.  Additionally, as Assistant Managers, Plaintiffs were on occasion required to work more than six days in seven.  However, Plaintiffs were never paid overtime wages by Defendants.

17.   During Plaintiffs' entire employment with Defendants, as Assistant Managers, Defendants failed to afford Plaintiffs from rest breaks during work shifts in excess of four hours, and routinely required Plaintiffs to work more than five hours without being given at least a 30-minute completely off meal break.

18.   During Plaintiffs' entire employment with Defendants, Defendants failed to provide each Plaintiff with timely and accurate wage and hour statements showing gross wages earned, total hours worked, all deductions made, net wages earned, the name and address of the legal entity employing that Plaintiff, and all applicable hours rates in effect during each pay period and the corresponding number of hours worked at each hourly rate by that Plaintiff.

19.   During Plaintiffs' entire employment with Defendants, Defendants failed to maintain complete and accurate payroll records for each Plaintiff showing gross

THE QUISENBERRY LAW FIRM

-6-

Case No. CV 04-1003 LGB (Ex)
FIRST AMENDED CLASS ACTION COMPLAINT

1  wages earned, total hours worked, all deductions made, net wages earned, the name

2  and address of the legal entity employing that Plaintiff, and all applicable hours rates

3  in effect during each pay period and the corresponding number of hours worked at

4  each hourly rate by that Plaintiff.

5       20.    During Plaintiffs' entire employment with Defendants, Defendants

6  wrongfully withheld from Plaintiffs and failed to pay to Plaintiffs wages and other

7  compensation which was due to Plaintiffs for overtime work, for meal and rest

8  breaks, and as otherwise required pursuant to the Employment Laws and Regulations.

9       21.    Plaintiffs are informed and believe, and thereon allege, that Defendants

10  violated other provisions of the Employment Laws and Regulations which provide for

11  a civil penalty to be assessed and collected by the California Labor and Workforce

12  Development Agency or its various departments, divisions, commissions, boards,

13  agencies or employees.

14       22.    Plaintiffs seek payment of overtime wages and other compensation owed

15  to them, plus all benefits required pursuant to the Employment Laws and Regulations

16  based on the sums that were withheld from them.  Plaintiffs also seek, on behalf of all

17  others Assistant Managers, overtime wages and other compensation owed to them,

18  plus all benefits required pursuant to the Employment Laws and Regulations based on

19  the sums that were withheld from them by Defendants, plus penalties and interest,

20  attorney's fees and costs as provided by statute.  In addition, Plaintiffs seek injunctive

21  relief in the form of an order prohibiting Defendants from requiring its Assistant

22  Managers who do not meet California's statutory and regulatory guidelines for

23  exemption, to work more than forty hours in any workweek without payment of

24  overtime wages.  Further, Plaintiffs seek an order that Defendants report to the State

25  authorities, and thereafter pay the assessments required by law.

26       23.    Plaintiffs also seek restitution and disgorgement of all sums wrongfully

27  obtained by Defendants through unfair business practices in violation of *California*

28

THE QUISENBERRY LAW FIRM

-7-

1    *Business & Professions Code* sections 17200, *et seq.*, to prevent the Defendants from

2    benefitting from their violations of law and/or unfair acts.  Such sums recovered

3    under the Unfair Competition Act and Unfair Businesses Act are equitable in nature

4    and are not to be considered damages.  Plaintiffs are also entitled to costs, attorney's

5    fees, interest and penalties as provided for by the *California Labor Code* and

6    *California Business & Professions Code*, and the Private Attorney General Act,

7    *California Code of Civil Procedure* section 1021.5.

8           24.    To the extent any Plaintiff entered into any arbitration agreement with

9    any Defendant and such agreement purports to require arbitration, any such

10   agreement is void and unenforceable.  Any such agreement was one of adhesion, was

11   executed under duress, lacked consideration and mutuality, and failed to provide that

12   Defendants would pay the costs of any arbitration, and was otherwise void under both

13   *California Labor Code* section 229 and the California Supreme Court case of

14   *Armendariz v. Foundation Health Psychare Services, Inc.*, 24 Cal.4th 83 (2000).

15                        **CLASS ACTION ALLEGATIONS**

16          25.    During the Class Period, Defendants have employed numerous

17   individuals, including Plaintiffs, to work as "Assistant Managers" in Wal-Mart's

18   retail stores throughout the State of California, including but not limited to Los

19   Angeles County.  Plaintiffs are informed and believe and based thereon allege that

20   Defendants had a corporate policy under which they automatically classified all

21   Assistant Managers as "exempt" employees pursuant to the Employment Laws and

22   Regulations without first making a determination as to whether the Assistant

23   Managers were qualified for exempt employee status under such laws and

24   regulations.

25          26.    All Assistant Managers, including Plaintiffs, are putative class members.

26          27.    Based on Defendants' policy of classifying all Assistant Managers as

27   exempt employees, all Assistant Managers were paid a set salary regardless of the

28

THE QUISENBERRY LAW FIRM

-8-

hours they actually worked. Additionally, based on Defendants' policy of classifying all Assistant Managers as exempt employees, Defendants denied all Assistant Managers meal and rest breaks, and other incidents and conditions of employment in California which are required for non-exempt employees pursuant to the Employment Laws and Regulations.

28. During the Class Period, the Assistant Managers were not exempt from the Employment Laws and Regulations. The Assistant Managers routinely spent over fifty percent of their working hours performing the duties delegated to non-exempt employees, including, but not limited to waiting on customers, unloading trucks, pricing products, making sales, cashiering, stocking shelves, opening and closing cash registers, picking up returns, cleaning, zoning counters, moving products on shelves, building pallets of merchandise, loading/unloading Wal-Mart trucks, setting modulars and counter layouts, building end caps and fixtures, competition shopping, and other general tasks.

29. During the Class Period, the Assistant Managers routinely spent less than fifty percent of their working hours performing work which was primarily intellectual, managerial or creative, or which required the regular and customary exercise of discretion and independent judgment on more than an occasional basis. Exercise of discretion and independent judgment on matters of significance were given to employees on a level above that of the Assistant Managers.

30. The Assistant Managers' duties and activities during their respective working hours and each shift were known to and directed by Defendants, and were set and controlled by Defendants' corporate policies.

31. During the Class Period, the Assistant Managers were required to work more than eight hours per day and more than forty hours per workweek. Additionally, the Assistant Managers were on occasion required to work more than six days in seven. However, the Assistant Managers were never paid overtime wages

-9-

Case No. CV 04-1003 LGB (Ex)
FIRST AMENDED CLASS ACTION COMPLAINT

THE QUISENBERRY LAW FIRM

1    by Defendants.

2       32.    During the Class Period, Defendants routinely failed to provide Assistant

3    Managers rest breaks during work shifts in excess of four hours, and provide them

4    30-minutes, completely off, meal breaks during work shifts in excess of five hours.

5       33.    During the Class Period, Defendants failed to provide each Assistant

6    Manager with timely and accurate wage and hour statements showing gross wages

7    earned, total hours worked, all deductions made, net wages earned, the name and

8    address of the legal entity employing that Assistant Manager, and all applicable hours

9    rates in effect during each pay period and the corresponding number of hours worked

10    at each hourly rate by that Assistant Manager.

11       34.    During the Class Period, Defendants failed to pay accrued wages and

12    other compensation due immediately to each Assistant Manager who was terminated

13    and failed to pay accrued wages and other compensation due within seventy-two

14    hours to each Assistant Manager who ended his or her employment.

15       35.    During the Class Period, Defendants failed to maintain complete and

16    accurate payroll records for each Assistant Manager showing gross wages earned,

17    total hours worked, all deductions made, net wages earned, the name and address of

18    the legal entity employing that Assistant Manager, and all applicable hours rates in

19    effect during each pay period and the corresponding number of hours worked at each

20    hourly rate by that Assistant Manager.

21       36.    During the Class Period, Defendants wrongfully withheld from the

22    Assistant Managers and failed to pay to them wages and other compensation which

23    was due to them for overtime work, for meal and rest breaks, and as otherwise

24    required pursuant to the Employment Laws and Regulations.

25       37.    The Assistant Managers seek payment of overtime wages and other

26    compensation owed to them, plus all benefits required pursuant to the Employment

27    Laws and Regulations based on the sums that were withheld from them. The

28

THE QUISENBERRY LAW FIRM

-10-

1  Assistant Managers also seek all benefits required pursuant to the Employment Laws

2  and Regulations based on the sums that were withheld from them by Defendants, plus

3  penalties and interest, attorney's fees and costs as provided by statute.

4      38.    The Assistant Managers are so numerous that joinder of each such

5  individual would be impracticable, and the disposition of their claims in a class

6  action, rather than in numerous individual actions, will benefit the parties, the Court

7  and the interests of justice.

8      39.    There is a well defined community of interest in the questions of law and

9  fact involved affecting all Assistant Managers in Defendants' classification of all

10  Assistant Managers as exempt employees under the Employment Laws and

11  Regulations, and Defendants' failure to pay the Assistant Managers the wages or to

12  afford the protections required under the Employment Laws and Regulations affects

13  all Assistant Managers.  Common questions of law and fact predominate over

14  questions that affect only individual Assistant Managers in that the Assistant

15  Managers' duties and activities were controlled and directed by Defendants and their

16  policies.

17      40.    Plaintiffs' claims are typical of those belonging to other Assistant

18  Managers in that Plaintiffs' employment duties and activities were typical of the

19  employment duties and activities of other Assistant Managers, and that Plaintiffs were

20  classified by Defendants and exempt employees and denied the benefits and

21  protections of the Employment Laws and Regulations in the same manner as the other

22  Assistant Managers.

23      41.    Plaintiffs can adequately represent and protect the interests of all

24  Assistant Managers.  Plaintiffs' counsel is competent and experienced in litigating

25  class actions in California based on large employers' violations of the Employment

26  Laws and Regulations.

27      42.    To the extent any Assistant Manager entered into any arbitration

28

THE QUISENBERRY LAW FIRM

-11-

157085 2

1  agreement with any Defendant and such agreement purports to require arbitration,

2  any such agreement is void and unenforceable.  Any such agreement was one of

3  adhesion, was executed under duress, lacked consideration and mutuality, and failed

4  to provide that Defendants would pay the costs of any arbitration, and was otherwise

5  void under both *California Labor Code* section 229 and the California Supreme Court

6  case of *Armendariz v. Foundation Health Psychare Services, Inc.*, 24 Cal.4th 83

7  (2000).

## FIRST CAUSE OF ACTION

### (For Failure to Pay Overtime Compensation

### by Plaintiffs Individually and on Behalf of All Assistant Managers:

### *California Labor Code* Sections 510, 1194 and 1194.5)

12  43.  Plaintiffs incorporate by reference and reallege paragraphs 1 through 42,

13  inclusive, as though set forth fully herein.

14  44.  During the Class Period, Defendants routinely required the Assistant

15  Managers, including Plaintiffs, to work in excess of eight hours per day and forty

16  hours per workweek.  Additionally, the Assistant Managers, including Plaintiffs, were

17  routinely required to work more than six days in seven.  However, Defendants failed

18  and refused to pay the Assistant Managers, including Plaintiffs, the overtime

19  compensation required by the Employment Laws and Regulations.

20  45.  As alleged herein, the Assistant Managers, including Plaintiffs, are not

21  exempt from the overtime compensation requirements of the Employment Laws and

22  Regulations. -

23  46.  The Assistant Managers, including Plaintiffs, have been deprived of their

24  rightfully earned overtime compensation as a direct and proximate result of

25  Defendants' corporate policies and failure and refusal to pay said compensation.  The

26  Assistant Managers, including Plaintiffs, are entitled to recovery of such amounts,

27  plus interest thereon, attorneys' fees and costs.

28

THE QUISENBERRY LAW FIRM

-12-

47. Based on Defendants' conduct as alleged herein, Defendants are liable for civil penalties pursuant to *California Labor Code* section 558 and other applicable provisions of the Employment Laws and Regulations.

## SECOND CAUSE OF ACTION

### ( For Failure to Provide Meal and Rest Periods
### by Plaintiffs Individually and on Behalf of All Assistant Managers:
### *California Labor Code* Sections 512 and 226.7)

48. Plaintiffs incorporate by reference and reallege paragraphs 1 through 42, inclusive, as though set forth fully herein.

49. During the Class Period, Defendants routinely failed to provide the Assistant Managers, including Plaintiffs, with meal and rest periods during their work shifts, and failed to compensate the Assistant Managers, including Plaintiffs, for said meal and rest periods, as required by *California Labor Code* section 226.7 and the other applicable sections of the Employment Laws and Regulations.

50. As alleged herein, the Assistant Managers, including Plaintiffs, are not exempt from the meal and rest period requirements of the Employment Laws and Regulations.

51. The Assistant Managers, including Plaintiffs, have been deprived of their rightfully earned compensation for meal and rest periods as a direct and proximate result of Defendants' corporate policies and failure and refusal to pay said compensation. The Assistant Managers, including Plaintiffs, are entitled to recovery of such amounts pursuant to *California Labor Code* section 226.7(b), plus interest thereon, attorneys' fees and costs.

52. Based on Defendants' conduct as alleged herein, Defendants are liable for civil penalties pursuant to *California Labor Code* section 558 and other applicable provisions of the Employment Laws and Regulations.

-13-

THE QUISENBERRY LAW FIRM

**THIRD CAUSE OF ACTION**

**(For Failure to Furnish Wage and Hour Statements**

**by Plaintiffs Individually and on Behalf of All Assistant Managers:**

*California Labor Code* **Sections 226 and 226.3)**

53.     Plaintiffs incorporate by reference and reallege paragraphs 1 through 42, inclusive, as though set forth fully herein.

54.     During the Class Period, Defendants failed to provide each Assistant Manager, including Plaintiffs, with timely and accurate wage and hour statements showing gross wages earned, total hours worked, all deductions made, net wages earned, the name and address of the legal entity employing that Assistant Manager, and all applicable hours rates in effect during each pay period and the corresponding number of hours worked at each hourly rate by that Assistant Manager.

55.     As alleged herein, the Assistant Managers, including Plaintiffs, are not exempt from the requirements of the Employment Laws and Regulations.

56.     Based on Defendants' conduct as alleged herein, Defendants are liable for civil penalties pursuant to *California Labor Code* sections 226.3, 558 and other applicable provisions of the Employment Laws and Regulations.

**FOURTH CAUSE OF ACTION**

**(For Waiting Time Penalties**

**by Plaintiffs Individually and on Behalf of All Assistant Managers:**

*California Labor Code* **Sections 201 through 203)**

57.     Plaintiffs incorporate by reference and reallege paragraphs 1 through 42, inclusive, as though set forth fully herein.

58.     During the Class Period, Defendants failed to pay accrued wages and other compensation due immediately to each Assistant Manager who was terminated and failed to pay accrued wages, including meal and rest period wages and other compensation due within seventy-two hours to each Assistant Manager who ended

-14-

THE QUISENBERRY LAW FIRM

157085.2

1  his or her employment.

2      59.  As alleged herein, the Assistant Managers, including Plaintiffs, are not

3  exempt from the requirements of the Employment Laws and Regulations.

4      60.  Based on Defendants' conduct as alleged herein, Defendants are liable

5  for civil penalties pursuant to *California Labor Code* section 203, 558 and other

6  applicable provisions of the Employment Laws and Regulations.

7  **FIFTH CAUSE OF ACTION**

8  **(For Failure to Maintain Payroll Records**

9  **by Plaintiffs Individually and on Behalf of All Assistant Managers:**

10  ***California Labor Code* Sections 226, 1174 and 1174.5)**

11      61.  Plaintiffs incorporate by reference and reallege paragraphs 1 through 42,

12  inclusive, as though set forth fully herein.

13      62.  During the Class Period, Defendants failed to maintain complete and

14  accurate payroll records for each Assistant Manager, including Plaintiffs, showing

15  gross wages earned, total hours worked, all deductions made, net wages earned, the

16  name and address of the legal entity employing that Assistant Manager, and all

17  applicable hours rates in effect during each pay period and the corresponding number

18  of hours worked at each hourly rate by that Assistant Manager.

19      63.  As alleged herein, the Assistant Managers, including Plaintiffs, are not

20  exempt from the requirements of the Employment Laws and Regulations.

21      64.  Based on Defendants' conduct as alleged herein, Defendants are liable

22  for civil penalties pursuant to *California Labor Code* section 1174.5, 558 and other

23  applicable provisions of the Employment Laws and Regulations.

THE QUISENBERRY LAW FIRM

-15-

## SIXTH CAUSE OF ACTION

### (For Conversion by Plaintiffs Individually
### and on Behalf of All Assistant Managers;
### *California Civil Code* Sections 3336 and 3294)

65.     Plaintiffs incorporate by reference and reallege paragraphs 1 through 42, inclusive, as though set forth fully herein.

66.     During the Class Period, Defendants wrongfully withheld from the Assistant Managers, including Plaintiffs, and failed to pay to them wages and other compensation which was due to them for overtime work, for meal and rest breaks, and as otherwise required pursuant to the Employment Laws and Regulations.

67.     As alleged herein, the Assistant Managers, including Plaintiffs, are not exempt from the requirements of the Employment Laws and Regulations.

68.     At all relevant times herein, Defendants had and continued to have a legal obligation imposed by statute to pay to the Assistant Managers, including Plaintiffs, all overtime wages and compensation due.  Such wages and compensation belonged to the Assistant Managers, including Plaintiffs, at the time the labor and services were provided to Defendants, and accordingly such wages and compensation are the property of the Assistant Managers, including Plaintiffs.

69.     Defendants knowingly and intentionally required the Assistant Managers, including Plaintiffs, to perform non-exempt tasks.  Defendants knowingly and intentionally failed to pay overtime wages for hours worked in excess of eight hours a day and forty hours a week, failed to compensate for meal and rest breaks, and failed to provide other compensation due to the Assistant Managers, including Plaintiffs.  Defendants intentionally converted the wages and compensation of the Assistant Managers, including Plaintiffs, by (1) withholding earned overtime wages and other compensation which the Assistant Managers, including Plaintiffs, owned or had the right to own and had the legal right to hold, possess and dispose of, and then

-16-

THE QUISENBERRY LAW FIRM

157085.2

1  (2) taking the overtime wages and other compensation due to the Assistant Managers,

2  including Plaintiffs, and utilizing the same for Defendants' own use and benefit.

3       70.  Defendants converted such wages and compensation as part of an

4  intentional and deliberate corporate scheme to maximize profits at the expense of the

5  Assistant Managers, including Plaintiffs.  Defendants' conversion as alleged herein

6  was done with the advance knowledge, express or implied authorization, and/or

7  ratification of Defendants' respective corporate officers, directors and managing

8  agents.

9       71.  In refusing to pay overtime wages and other compensation, Defendants

10  knowingly, unlawfully and intentionally took, appropriated and converted such

11  money for Defendants' own use, purpose and benefit.  At the time the conversion

12  took place, the Assistant Managers, including Plaintiffs, were entitled to immediate

13  possession of the amount of overtime wages earned, because the Assistant Managers,

14  including Plaintiffs, were misclassified in that they were actually performing

15  non-exempt work.  Further, Defendants knew that the Assistant Managers, including

16  Plaintiffs, were in fact entitled to premium overtime wages and other compensation

17  and knowingly refused payment to the Assistant Managers, including Plaintiffs, and

18  instead utilized such wages and money for Defendants' own use.

19       72.  The Assistant Managers, including Plaintiffs, have been injured by

20  Defendants' intentional conversion of such wages and compensation.  The Assistant

21  Managers, including Plaintiffs, are entitled to all monies converted by Defendants

22  with interest thereon as well as any and all profits whether direct or indirect, which

23  Defendants acquired by their unlawful conversion.

24       73.  Based on Defendants' conduct as alleged herein, Defendants are liable

25  for civil penalties pursuant to *California Labor Code* section 558 and other applicable

26  provisions of the Employment Laws and Regulations.

27       74.  Furthermore, Defendants' conversion was oppressive, malicious and in

28

-17-

THE QUISENBERRY LAW FIRM

157085.2

1  conscious disregard of the rights of the Assistant Managers, including Plaintiffs, thus

2  entitling the Assistant Managers, including Plaintiffs, to punitive damages.

3                         **SEVENTH CAUSE OF ACTION**

4                              **(For Unfair Competition**

5                **by Plaintiffs Individually on behalf of the Public:**

6        *California Business & Professions Code* **Section 17200, et seq.)**

7        75.    Plaintiffs incorporate by reference and reallege paragraphs 1 through 42,

8  inclusive, as though set forth fully herein.

9        76.    Defendants' violations of the Employment Laws and Regulations as

10  alleged herein, including Defendants' misclassification of the Assistant Managers as

11  exempt employees, Defendants' failure and refusal to pay overtime wages to the

12  Assistant Managers, Defendants' failure to provide meal and rest breaks to the

13  Assistant Managers, Defendants' failure to provide the Assistant Managers with

14  timely and accurate wage and hour statements, Defendants' failure to pay

15  compensation due to the Assistant Managers in a timely manner upon their

16  termination or resignation, Defendants' failure to maintain complete and accurate

17  payroll records for the Assistant Managers, and Defendants' wrongful withholding of

18  wages and compensation due to the Assistant Managers, constitute unfair business

19  practices in violation of *California Business & Professions Code* Section 17200, *et*

20  *seq.*

21        77.    As a result of Defendants' unfair business practices, Defendants have

22  reaped unfair benefits and illegal profits at the expense of Plaintiffs, the Assistant

23  Managers, and members of the public.  Defendants should be made to disgorge their

24  ill-gotten gains and restore such monies to Plaintiffs and the Assistant Managers.

25        78.    Defendants' unfair business practices entitle Plaintiffs to seek

26  preliminary and permanent injunctive relief, including but not limited to orders that

27  the Defendants account for, disgorge and restore to the Assistant Managers the

28

                                    -18-

THE QUISENBERRY LAW FIRM

157085.2

overtime compensation unlawfully withheld from them.

## EIGHTH CAUSE OF ACTION

### (For Preliminary and Permanent Injunction)

79.     Plaintiffs incorporate by reference and reallege Paragraphs 1 through 42, inclusive, as though set forth fully herein.

80.     Defendants have improperly designated their Assistant Managers as exempt without first making a determination of their exempt or non-exempt status to avoid the payment of overtime wages, meal and rest period premiums, and other benefits in violation of the Employment Laws and Regulations as alleged herein.

81.     Defendants failed to record and report and pay the correct sums of assessment to the state authorities under the *California Labor Code* and applicable regulations.

82.     As a result of these acts and omissions, Plaintiffs allege that Defendants have been able to unfairly compete with similar businesses in the State of California in violation of the *California Business & Professions Code* section 17200, et seq.

83.     That if Defendants are not enjoined from the conduct set forth above, they will continue to work Assistant Managers, who do not meet the statutory regulatory exemption, over 8 hours per day and/or 40 hours per week without paying them overtime wages and without affording them other benefits and rights of non-exempt employees under the Employment Laws and Regulations.  Thus, there is threatened future harm and/or continuing violation, which justifies injunctive relief.

84.     Plaintiffs request the Court issue a preliminary and permanent injunction prohibiting Defendants from requiring Assistant Managers, who do not meet statutory and regulatory exemptions, to work more than 8 hours per day and 40 hours per week in any workweek without the payment of overtime wages and to require Defendants to afford Assistant Managers other benefits afforded by the Employment Laws and Regulations including, but not limited to, meal and rest breaks and that Defendants

THE QUISENBERRY LAW FIRM

-19-

1   maintain payroll records, furnish Assistant Managers with wage and hour statements

2   as required by the Employment Laws and Regulations and pay Assistant Managers all

3   wages earned upon termination of their employment, including overtime wages.

4          WHEREFORE, Plaintiffs Daniel Sepulveda, Anita Perez and Antonio

5   Prangner, individually and on behalf of all Assistant Managers, pray that the Court

6   enter judgment in their favor and against Defendants Wal-Mart Stores, Inc., and

7   DOES 1 through 100, inclusive, as follows:

8          1.     For restitution of overtime wages and meal and rest period compensation

9   earned in an amount to be ascertained at trial but in any case within the jurisdiction of

10  this Court;

11         2.     For penalties as required by law;

12         3.     For prejudgment interest at the legal rate;

13         4.     For reasonable attorney fees;

14         5.     For costs of suit incurred herein;

15         6.     For disgorgement of profits garnered as a result of Defendants' unlawful

16  failure to pay overtime wages and meal and rest period compensation earned;

17         7.     For appropriate preliminary and permanent injunctive relief; and

18         8.     For such further relief as the Court may deem appropriate.

19

20  DATED:  December 9, 2004          THE QUISENBERRY LAW FIRM
                                      JOHN N. QUISENBERRY
21                                    ROBERT J. DREXLER, JR.
                                      DANIEL A. CRAWFORD
22

23
                                      By: _____
24                                        JOHN N. QUISENBERRY
                                          Attorneys for Plaintiffs
25

26

27

28

-20-

THE QUISENBERRY LAW FIRM

# DEMAND FOR JURY TRIAL

Plaintiffs Daniel Sepulveda, Anita Perez and Antonio Prangner, individually and on behalf of all similarly situated individuals, demand jury trial of this matter.

DATED: December 9, 2004

THE QUISENBERRY LAW FIRM
JOHN N. QUISENBERRY
ROBERT J. DREXLER, JR.
DANIEL A. CRAWFORD

By: _____

JOHN N. QUISENBERRY
Attorneys for Plaintiffs

-21-

Case No. CV 04-1003 LGB (Ex)
FIRST AMENDED CLASS ACTION COMPLAINT

# PROOF OF SERVICE - C.C.P. §1013a, 2015.5

     I certify and state that I am now and at all times herein mentioned was, a citizen of the United States, over the age of eighteen (18) years, a resident of the County of Los Angeles, and not a party to the within action or cause. My business address is THE QUISENBERRY LAW FIRM, A Professional Corporation, 2049 Century Park East, Suite 2200, Los Angeles, California 90067.

     I hereby certify that I am employed in the office of a member of the bar of this court at whose direction the service was made.

     I further certify that on December 21, 2004, I caused to be served the copies of the attached:

**STIPULATION FOR FILING OF FIRST AMENDED COMPLAINT; [PROPOSED] ORDER THEREON**

on the parties in said action as follows:

☒    **(BY REGULAR MAIL)** by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, for collection and mailing at my place of business following ordinary business practices. Said document(s) will be deposited with United States Post Office mail box at Los Angeles, California, addressed as follows:

☐    **(BY OVERNIGHT MAIL)** by placing a true copy thereof enclosed in a sealed envelope, prepaid, deposited with the _____ carrier/box at Los Angeles, California, addressed as follows:

☐    **(BY FACSIMILE)** by placing a true copy thereof into a facsimile machine addressed to the person, address and facsimile number, as follows:

☐    **(BY PERSONAL SERVICE)** by causing to be personally delivered by hand and leaving a true copy with the person and/or secretary at the address shown below:

**SEE ATTACHED SERVICE LIST**

     I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

     Executed on December 21, 2004, at Los Angeles, California.

SUSAN H. AVANT                       _Susan H. Avant_

[Print Name]                          [Signature]

THE QUISENBERRY LAW FIRM

157017.1

THE QUISENBERRY LAW FIRM

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## SERVICE LIST

Steven G. Pearl, Esq.
Law Offices of Steven G. Pearl
16830 Ventura Blvd., Suite 310
Encino, CA 91436-1724

Attorneys for Plaintiffs
Telephone: (818) 995-8300
Facsimile: (818) 995-8301

Steve Katz, Esq.
Jones Day
555 W. Fifth St., Suite 4600
Los Angeles, CA 90013-1025

Attorneys for Defendant
Telephone: (213) 489-3939
Facsimile: (213) 243-2539

Lawrence C. DiNardo, Esq.
Michael J. Gray, Esq.
Kathy Stieber, Esq.
Jones Day
77 West Wacker Dr.
Chicago, IL 60601-1692

Attorneys for Defendant
Telephone: (312) 782-3939
Facsimile: (312) 782-8585

2

157017.1