UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**ORIGINAL**

CIVIL MINUTES - GENERAL

PRIORITY SEND

| | |
|---|---|
| Case No. CV 04-1003 DSF (Ex) | Date June 26, 2006 |
| Title Daniel Sepulveda, et al., v. Wal-Mart Stores, Inc. | |

Present: The Honorable   DALE S. FISCHER, United States District Judge

| Paul D. Pierson | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** (In Chambers) Order GRANTING Plaintiffs' Motion to Stay Proceedings and to Continue Tolling Statutes of Limitations (filed 6/5/06)

## I. INTRODUCTION

This case is currently before the Court on Plaintiffs' Motion to Stay Proceedings and to Continue Tolling Statutes of Limitations ("Motion"), filed on June 5, 2006. Defendant's Memorandum of Law in Opposition to Plaintiffs' Motion to Stay Proceedings and to Continue Tolling Statutes of Limitations was filed on June 12, 2006. Plaintiffs' Reply to Defendant's Opposition to Motion to Stay Proceedings and to Continue Tolling Statutes of Limitations was filed on June 19, 2006.

Plaintiffs filed their original Complaint in the Los Angeles Superior Court on January 14, 2004. In brief, Plaintiffs allege that since January 14, 2000, Defendant Wal-Mart Stores, Inc. has erroneously classified its assistant managers in California as exempt from California requirements regarding overtime pay and meal and rest breaks, and has failed to pay overtime pay, provide adequate breaks, accurately report hours, or make prompt payment of wages to these employees. The case was removed to this Court on February 3, 2006. The First Amended Complaint was filed on December 28, 2004. On February 15, 2006, Plaintiffs filed their Motion for Class Certification. The Court heard oral argument on April 24, 2006. The Court denied the Motion for Class Certification in an order dated May 5, 2006.

Pursuant to Federal Rule of Civil Procedure 23(f) and Federal Rule of Appellate Procedure 5, Plaintiffs filed a Petition for Permission to Appeal from Order Denying Class Certification ("Petition") with the Court of Appeals for the Ninth Circuit on May 22, 2006. Plaintiffs now ask the Court to stay the proceedings pending any appeal

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

**PRIORITY SEND**

permitted pursuant to the Petition; to continue the tolling of the statutes of limitations on the claims of any putative class member; and to vacate the discovery cut-off and deadline for parties to exchange expert reports regarding damages.

Having carefully considered the papers submitted by the parties, and having heard the oral argument of counsel, the Court GRANTS the Motion.

## II. LEGAL STANDARD

The Court has the inherent power to stay a case pending before it. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254 (1936). In making its decision, the court must "weigh competing interests and maintain an even balance." Id. When a stay is requested because of pending proceedings that bear on the case, the court may grant a stay in a variety of circumstances in the interests of the efficiency of its own docket, and fairness to the parties. Leyva v. Certified Grocers of Cal., Ltd., 593 F.2d 857, 863 (9th Cir. 1979). This power "does not require that the issues in such proceedings are necessarily controlling of the action before the court." Id. at 863-64 (citations omitted). The party seeking the stay bears the burden of establishing the need for it. Clinton v. Jones, 520 U.S. 681, 708 (1997).

The power to grant a stay is not unlimited. When a party petitions for a stay, the court must "balance the length of the stay against the strength of the justification given for it. If a stay is especially long or its term is indefinite, a greater showing [is required] to justify it." Yong v. INS, 208 F.3d 1116, 1119 (9th Cir. 2000) (citations omitted) (reversing the district court's grant of a stay to await a decision in a related Ninth Circuit appeal).

Federal Rule of Civil Procedure 23(f) expressly contemplates orders by a district court staying proceedings pending appeal from a denial of class certification. The Rule provides: "A court of appeals may in its discretion permit an appeal from an order of a district court granting or denying class action certification under this rule if application is made to it within ten days after entry of the order. An appeal does not stay proceedings in the district court unless the district judge or the court of appeals so orders." Fed. R. Civ. P. 23(f).

Under Rule 23(f), either the district court or the court of appeals may order a stay. Though the parties have not cited, and the Court is unaware of, any Ninth Circuit case addressing the proper standard for granting a stay in this context, other courts have addressed the issue. Clearly, "Parties should not view Rule 23(f) as a vehicle to delay proceedings in the district court." In re Sumitomo Copper Litig., 262 F.3d 134, 140 (2d Cir. 2001). The issuance of a stay should "depend on a demonstration that the probability of error in the class certification decision is high enough that the costs of pressing ahead

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

**PRIORITY SEND**

in the district court exceed the costs of waiting." Blair v. Equifax Check Servs., Inc., 181 F.3d 832, 835 (7th Cir. 1999); accord In re Sumitomo Copper Litig., 262 F.3d at 140 ("a stay will not issue unless the likelihood of error on the part of the district court tips the balance of hardships in favor of the party seeking the stay").

The standard is similar to that for issuing a preliminary injunction. Blair, 181 F.3d at 835 (citations omitted); In re Lorazepam & Clorazepate Antitrust Litig., 208 F.R.D. 1, 3 (D.D.C. 2002) (citations omitted). The Ninth Circuit has provided two sets of criteria for preliminary injunctive relief. "Under the 'traditional' criteria, a plaintiff must show '(1) a strong likelihood of success on the merits, (2) the possibility of irreparable injury to plaintiff if preliminary relief is not granted, (3) a balance of hardships favoring the plaintiff, and (4) advancement of the public interest (in certain cases).' . . . Alternatively, a court may grant the injunction if the plaintiff 'demonstrates *either* a combination of probable success on the merits and the possibility of irreparable injury *or* that serious questions are raised and the balance of hardships tips sharply in his favor.'" Save Our Sonoran, Inc. v. Flowers, 408 F.3d 1113, 1120 (9th Cir. 2005), quoting Johnson v. Cal. State Bd. of Accountancy, 72 F.3d 1427, 1430 (9th Cir. 1995) (internal quotation marks omitted).

Because the standard is a demanding one, "stays will be infrequent." Blair, 181 F.3d at 835. If a stay is granted, "[t]he policies undergirding the adoption of Rule 23(f) suggest . . . that the statute of limitations should be tolled." Nat'l Asbestos Workers Med. Fund v. Philip Morris, Inc., No. 98 CV 1492, 2000 U.S. Dist. LEXIS 13910, at *7 (E.D.N.Y. Sept. 26, 2000).

### III. DISCUSSION

In order to obtain a stay, Plaintiffs must demonstrate a combination of likelihood of success on the merits of the appeal and the possibility of irreparable injury to Plaintiffs. As one district court has noted, "[t]he likelihood of success on merits of the appeal at issue here actually has two layers." In re Lorazepam & Clorazepate Antitrust Litig., 208 F.R.D. at 4. Defendants must first obtain permission from the Ninth Circuit to appeal this Court's order denying class certification, pursuant to Rule 23(f). Id. Then Defendants must prevail on the appeal itself, demonstrating a reversible error by this Court. Id.

The decision to permit an interlocutory appeal under Rule 23(f) is discretionary. Chamberlan v. Ford Motor Co., 402 F.3d 952, 957 (9th Cir. 2005). The Ninth Circuit has described three situations in which review of a class certification decision is most likely to be granted:

> (1) there is a death-knell situation for either the plaintiff or defendant that is independent of the merits of the underlying claims, coupled with a class certification decision by the district court that is questionable; (2) the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

**PRIORITY SEND**

certification decision presents an unsettled and fundamental issue of law relating to class actions, important both to the specific litigation and generally, that is likely to evade end-of-the-case review; or (3) the district court's class certification decision is manifestly erroneous.

Id. at 959, citing the Advisory Committee Notes to the 1988 Amendments to Fed. R. Civ. P. 23(f). These three categories "do not constitute an exhaustive list of factors and are not intended to circumscribe the broad discretion granted the courts of appeal by Rule 23(f)." Id. at 960.

Plaintiffs do not specify which, if any, of the Chamberlan categories is applicable here. The Court finds that a stay is appropriate because the class certification decision involves an unsettled, fundamental issue of law. Id. at 959.

In its May 5, 2006 order, the Court held that Plaintiffs failed to satisfy any of the requirements of Rule 23(b). Plaintiffs dispute the Court's finding that the primary relief sought is monetary. See Fed. R. Civ. P. 23(b)(2). Plaintiffs also contend that the Court was incorrect in holding that common questions of law and fact did not predominate over individual questions. See Fed. R. Civ. P. 23(b)(3). In finding that Rule 23(b)(3) was inapplicable, the Court considered the impact of the California Supreme Court decision in Ramirez v. Yosemite Water Co., Inc., 20 Cal. 4th 785 (1999), on class actions in exemption cases. The Ramirez court held that in order to determine whether an employee is exempt, a trial court must first consider "how the employee actually spends his or her time." Id. at 802. Secondarily, the trial court should consider other factors such as "whether the employee's practice diverges from the employer's realistic expectations, whether there was any concrete expression of employer displeasure over an employee's substandard performance, and whether these expressions were themselves realistic given the actual overall requirements of the job." Id. In Sav-On Drug Stores, Inc. v. Superior Court of Los Angeles County, 34 Cal. 4th 319 (2004), the California Supreme Court cautioned that Ramirez should not be read too broadly in the context of class actions. The only two federal courts to consider the impact of Ramirez on class actions reached opposite conclusions. Compare Perry v. U.S. Bank, No. C-00-1799-PJH, 2001 U.S. Dist. LEXIS 25050, at *20 (N.D. Cal. Oct. 17, 2001) (finding that common issues of fact did not predominate over individual issues, "in light of the differences in individual job duties . . . and the detailed, fact-specific determination required under California law for determining exempt status"), with Wang v. Chinese Daily News, 231 F.R.D. 602 (C.D. Cal. 2005) (finding that despite the need for individualized inquiry, common questions predominated).

This Court has already stated its conclusions on the applicability of Ramirez to Plaintiffs' Motion for Class Certification. Nevertheless, just as the district court noted in Chavez, "neither party, in arguing that motion, cited controlling authority from the Ninth Circuit. The Court must acknowledge that the Court of Appeals might accept the case

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

**PRIORITY SEND**

and reverse this Court's ruling." Chavez, 2002 U.S. Dist. LEXIS 27910, at *6. Thus there is at least some likelihood that the Ninth Circuit may grant the Petition, and ultimately find in Plaintiffs' favor.

As for the hardship to Plaintiffs, Plaintiffs focus on the possibility that they will engage in unnecessary, expensive, and extensive discovery or motions. This argument is unpersuasive. As Defendants aptly note, Plaintiffs currently have no right to conduct discovery relating to the class, because class certification was denied. Any discovery or other work relating to the named Plaintiffs will continue to be relevant even if the Ninth Circuit reverses this Court's decision on class certification. If a stay were not granted and Plaintiffs did prevail on their appeal, they could then request an extension of the deadlines for discovery and pre-trial motions.

However, Plaintiffs suggest another type of possible harm. If this Court proceeds with the named Plaintiffs' claims only, the claims of some of the putative class members may expire, in whole or in part, due to the applicable statute of limitations. If the Ninth Circuit ultimately reverses this Court's decision as to class certification, these individuals may be foreclosed from joining the suit altogether, or have the amount of possible damages reduced.

Plaintiffs emphasize the Supreme Court's holding that, at least in some cases, the statutes of limitations on the potential claims of putative class members are tolled when a class action complaint is filed, until a motion for class certification is resolved. Crown, Cork & Seal Co., Inc. v. Parker, 462 U.S. 345, 353-54 (1983) (citing Am. Pipe & Constr. Co. v. Utah, 414 U.S. 538, 554 (1974)). "Once the statute of limitations has been tolled, it remains tolled for all members of the putative class until class certification is denied." Crown, Cork & Seal Co., Inc., 462 U.S. at 354. Plaintiffs urge the Court to further the policies behind the American Pipe rule by extending the tolling of the statutes of limitations.

Circuit courts disagree as to whether American Pipe should apply to actions under state law. Stone Container Corp. v. United States, 229 F.3d 1345, 1356 n.6 (Fed. Cir. 2000) (comparing Hemenway v. Peabody Coal Co., 159 F.3d 255, 265 (7th Cir. 1998) with Adams Pub. Sch. Dist. v. Asbestos Corp., 7 F.3d 717, 719 (8th Cir. 1993)). The Ninth Circuit has not addressed the issue. See Robbin v. Fluor Corp., 835 F.2d 213, 215 (9th Cir. 1987) (expressly declining to decide the question of whether state tolling doctrines should apply when a state limitations period is borrowed). Plaintiffs' claims arise under California law. California law therefore supplies the applicable statute of limitations. In Chardon v. Fumero Soto, 462 U.S. 650, 661 (1983), the Supreme Court held that actions under 42 U.S.C. § 1983, 42 U.S.C. § 1988 requires that a federal court borrow not only the state statute of limitations, but also the state tolling rules. The argument for applying the state rule would seem even stronger in this case because the causes of action arise under state law.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

**PRIORITY SEND**

California courts have adopted the tolling rule of American Pipe and Crown, Cork, & Seal Co., Inc. in a more limited form. See Bangert v. Narmco Materials, Inc., 163 Cal. App. 3d 207, 211-12 (1984). In Jolly v. Eli Lilly & Co., 44 Cal. 3d 1103 (1988), the California Supreme Court noted that, "in the absence of controlling state authority, California courts should utilize the procedures of [R]ule 23 . . . to ensure fairness in the resolution of class action suits." Id. at 1118 (citations omitted). However, the court declined to extend the American Pipe doctrine to a case in which the "class action complaint neither sufficiently put defendants on notice of the substance and nature of plaintiff's claims, nor served to further economy and efficiency of litigation, so as to justify affording plaintiff shelter under the protective umbrella of *American Pipe*." Id. at 1122.

Ultimately, the Court need not decide whether the statute of limitations was tolled by the filing of Plaintiffs' Complaint, because even under American Pipe, the statute would have begun to run again when the Court denied class certification. Plaintiffs raise claims dating back as far as January 14, 2004. As time passes, portions of the class members' claims become barred by the statute of limitations. Indeed, the harm to the putative class members is greater if American Pipe is not applicable, because some of the class members' claims have already been foreclosed. Plaintiffs have therefore demonstrated a possibility of irreparable harm if their Motion is not granted.

## IV. CONCLUSION

For the reasons discussed above, the Court GRANTS Plaintiffs' Motion. The proceedings are hereby stayed until the Ninth Circuit has acted on the pending Rule 23(f) Petition. The statute of limitations on the claims of the putative class members is tolled nunc pro tunc until that date on the condition that Plaintiffs timely comply with all Ninth Circuit requirements for prosecuting their Petition. The parties shall notify the Court once a decision has been issued. If the Ninth Circuit grants the Petition, Plaintiffs may move this Court to stay the proceedings pending a decision on the appeal, unless the Ninth Circuit has already done so.

Initials of Preparer: